IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEON DAVIS, <br> # B40639, <br><br> Plaintiff, <br><br> vs. <br><br> CORRECTIONAL SGT. BENARD, <br> CORRECTIONAL LT. ZEIGLAR, <br> DR. JOHN DOE, <br> DR. BUTALID, <br> and NURSE PRACTITIONER <br> MOLDENHAUER, <br><br> Defendants. | Case No. 18--cv–1945-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Deon Davis, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that while at Menard Correctional Center he fell on a loose stool in the dining hall and injured his wrist and hand. He asserts claims against Dr. John Doe, Dr. Butalid, and Nurse Practitioner Moldenhauer under the Eighth Amendment for the treatment of his injuries. Plaintiff also alleges that Correctional Sergeant Benard and Correctional Lieutenant Zeiglar were deliberately indifferent in that they continued to instruct inmates, including Plaintiff, to sit on the stool even after Plaintiff informed them that it was loose. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is

1

legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Plaintiff makes the following allegations: Throughout October and November 2016, Plaintiff complained to Sergeant Benard and Lieutenant Zeiglar that a stool at a table in the North Dining Room was loose. (Doc. 1, p. 7). Defendant Zeiglar indicated that he would put in a work order for the stool. Defendants Benard and Zeiglar continued to direct inmates to sit at the table with the loose stool, and on November 21, 2016, Plaintiff sat at the table with the loose stool. (*Id*. at p. 8). As Plaintiff sat down, the stool completely broke, causing Plaintiff to fall backwards and injure his left wrist and hand. (*Id*.). After an initial treatment of his injuries by a nurse practitioner (who is not a party to this case) and an x-ray of the hand and wrist, Plaintiff saw Dr. John Doe on November 28, 2016. (*Id*. at p. 9). Dr. John Doe informed Plaintiff that the x-ray showed no fracture, but he refused to provide Plaintiff with a wrist brace or plastic cast. He also denied Plaintiff's request to be examined by a hand specialist. (*Id*. at p. 10). Plaintiff continued to suffer from pain in his wrist and hand, as well as numbness in his fingers. Plaintiff was later seen by Dr. Butalid on December 15, 2016 for pain, numbness, and spasms, and he also denied Plaintiff's request to be seen by a hand specialist. Nurse Practitioner Moldenhauer also denied Plaintiff's request to be seen by a hand specialist on January 7, 2017 after he again complained of pain and muscle spasms. (*Id.* at p. 10). Plaintiff also alleges that Dr. Butalid and Dr. John Doe conspired to cover-up their deliberate indifference by stating on the incident report that there was no property damage, when in fact the stool was loose and broke.

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated counts:

> **Count 1:** Dr. John Doe, Dr. Butalid, and Nurse Practitioner Moldenhauer were deliberately indifferent under the Eighth Amendment for their treatment of Plaintiff's hand and wrist injury.
>
> **Count 2:** Correctional Sergeant Benard and Correctional Lieutenant Zeigler were deliberately indifferent under the Eighth Amendment for failing to fix the stool after numerous reports that the stool was loose ultimately leading to Plaintiff failing from the stool and injuring himself.
>
> **Count 3:** Dr. John Doe and Dr. Butalid conspired and were deliberately indifferent under the Eighth Amendment by failing to mention the broken stool in the incident report.

**Count 1**

Plaintiff has stated a colorable deliberate indifference claim against Dr. John Doe, Dr. Butalid, and Nurse Practitioner Moldenhauer based on their alleged failure to properly treat Plaintiff's hand and wrist injury and failing to send him to a hand specialist. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997); *Cooper v. Casey*, 97 F.3d 914, 916-17 (7th Cir. 1996). Accordingly, Count 1 shall receive further review as to Dr. John Doe, Dr. Butalid, and Nurse Practitioner Moldenhauer.

**Count 2**

With respect to Count 2, Plaintiff has not stated a viable claim against Correctional Sergeant Benard and Correctional Lieutenant Zeigler for failing to fix the loose stool. Plaintiff alleges that he spoke with Correctional Sergeant Benard and Correctional Lieutenant Zeigler about the loose stool and Zeigler specifically indicated that a work order was placed for the stool. There is no indication that Benard and Zeigler were deliberately indifferent as they knew that the stool

was loose and put in a work order to have it repaired. Nor is there any indication that they were aware that the loose stool would collapse on an inmate. At most, the Court finds that Benard and Zeigler's conduct of continuing to allow inmates to sit on the loose stool amounted to negligence and mere negligence does not amount to deliberate indifference. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995); *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

**Count 3**

With respect to Count 3, Plaintiff has not stated a viable deliberate indifference claim against Dr. John Doe and Dr. Butalid for the conspiracy to cover up their deliberate indifference by failing to indicate in the incident report that the chair was broken. First, conspiracy is not an independent basis of liability in Section 1983 actions. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir.2008); *Cefalu v. Vill. of Elk Grove,* 211 F.3d 416, 423 (7th Cir.2000). "There is no constitutional violation in conspiring to cover-up an action which does not itself violate the Constitution." *Hill v. Shobe,* 93 F.3d 418, 422 (7th Cir.1996). Further, the mere act of not reporting the broken stool on the incident report does not constitute deliberate indifference to Plaintiff's wrist and hand injuries as there is no allegation that the report affected the treatment that he received.

**<u>Identification of Unknown Defendants</u>**

Jacqueline Lashbrook, Warden of Menard Correctional Center, will be added to the docket (official capacity only) for responding to discovery (informal or formal) aimed at identifying the unknown defendant Dr. John Doe. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Once the name of the unknown defendant is discovered, Plaintiff must file a motion to substitute the newly identified defendant in place of the generic designations in the case

4

caption and throughout the Complaint.

## Motion for Recruitment of Counsel

According to Plaintiff's motion for counsel (Doc. 3), Plaintiff needs counsel because he is not articulate enough to handle the claims on his own. (Doc. 3, p. 2). Plaintiff also indicates that another inmate helped him draft the pleadings in this case. (*Id*. at p. 1). Plaintiff states that he has written several attorneys and attaches letters from two attorneys who declined to take his case. Thus, the Court finds that Plaintiff has met his threshold burden of attempting to obtain counsel on his own.[1] Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged."). Thus, the Court **DENIES** without prejudice Plaintiff's motion for counsel. (Doc. 3). The Court encourages Plaintiff to renew his request for the recruitment of counsel at a later date.

## Disposition

The Clerk of Court is **DIRECTED** to add Menard's Warden, Jacqueline Lashbrook, as a defendant in the Court's Case Management/Electronic Case Filing ("CM/ECF") system. Lashbrook will be responsible for responding to discovery aimed at identifying Dr. John Doe.

**IT IS HEREBY ORDERED** that **COUNT 1** will proceed as to Dr. John Doe, Dr. Butalid, and Nurse Practitioner Moldenhauer.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED without prejudice** as to Correctional Sergeant Benard and Correctional Lieutenant Zeigler for failure to state a claim upon

---

[1] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

which relief may be granted. The Clerk of Court is **DIRECTED** to terminate these individuals as defendants in CM/ECF.

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED without prejudice** as to Dr. Butalid and Dr. John Doe for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Dr. Butalid, Nurse Practitioner Moldenhauer, and Warden Jacqueline Lashbrook (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Because the Court has ordered service, Plaintiff's motion for service of process at government expense (Doc. 4) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that, if a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Dr. John Doe until Plaintiff has identified him by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a plan for discovery aimed at identifying the unknown defendant with particularity. Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/9/2019**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

**<u>Notice to Plaintiff</u>**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**