U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

DEON DAVIS, #B40639,

    Plaintiff,

v.

JOHN DOE, DR. BUTALID, NURSE PRACTITIONER MOLDENHAUER, and JACQUELINE LASHBROOK,

    Defendants.

Case Number 3:18-cv-01945-NJR-RJD

Judge Nancy J. Rosenstengel

Magistrate Judge Reona J. Daly

## HIPAA QUALIFIED PROTECTIVE ORDER

THIS CAUSE COMES ON TO BE HEARD on the Motion (Doc. 27) of Defendants MICHAEL MOLDENHAUER and ALBERTO BUTALID, M.D., for a HIPAA Qualified Protective Order. The Court finds that good cause exists for the entry of a HIPAA Qualified Protective Order to prevent the unauthorized disclosure and direct the use of protected health information during the course of this litigation. Accordingly, the motion is **GRANTED** and **IT IS HEREBY ORDERED**:

    1.    The Court orders that the Plaintiff's medical records shall be released to the attorneys of record in this litigation upon request of said attorneys.

    2.    This Order applies to any records produced by a covered entity as defined by 45 C.F.R. 160.103 which has received a request to produce or subpoena for protected health information.

    3.    During the course of this litigation, it may be necessary for the parties or their attorneys to disclose protected health information of the Plaintiff, as that term is defined under the Health Insurance Portability and Accountability Act (HIPAA) and the Federal Regulations enacted pursuant to said Act.

(a) All protected health information disclosed by any of Plaintiff's healthcare providers shall be used for the sole purpose of preparing for or conducting this litigation, including, but not limited to investigation, consultation, discovery, depositions, trial preparation, trial, appeal, resolution, mediation, or uses incidental to the proceeding in the case and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

(b) Protected health information pursuant to this HIPAA Qualified Order may include information related to sexually transmitted disease, genetic testing, HIV, behavioral or mental health services, and treatment for alcohol and drug abuse.

(c) Protected health information may be disclosed without further notice by any covered entity or health care provider, party or parties' attorney, or attorney for a deponent or respondent in discovery, without further notice to:

(i) The parties themselves, parties' attorneys, experts, consultants, any witness or other person retained or called by the parties, deponents, respondents in discovery or their attorneys, treating physicians, other healthcare providers, insurance carriers, or other entities from whom damages, compensation, or indemnity is sought and any entity performing, monitoring, or adjustment activities on behalf of such insurance carrier or other entity and/or their employees, agents, or third-party administrators for any of the parties involved in litigation; in any proceeding for health oversight activities as permitted under 45 C.F.R. 164.512, court reporters, copy services, other similar vendors to the parties and their attorneys, as well as the professional and support staff of all of the above.

(ii) The parties, and each entity governed by this Order shall either (a) destroy, or (b) return to the entity who originally produced it, all protected health information, including all copies made, provided, however, that said protected health information may be retained in the files of the entities listed in paragraph (1) above and may be destroyed pursuant to their regular file retention policies so long as the protected health information is maintained in a secure environment.

**IT IS SO ORDERED.**

**Dated: February 20, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**