IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEON DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-CV-1945-NJR-RJD |
| | ) |
| JOHN DOE, DR. BUTALID, NURSE | ) |
| PRACTITIONER MOLDENHAUER, | ) |
| and JACQUELINE LASHBROOK, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Reona J. Daly (Doc. 35), which recommends denying the Motion to Dismiss filed by Defendant Dr. Butalid (Doc. 25).

Plaintiff Deon Davis, an inmate of the Illinois Department of Corrections, brings this action under 42 U.S.C. § 1983 for violations of his Eighth Amendment rights while he was incarcerated at Menard Correctional Center ("Menard") (Doc. 1). According to the complaint, Davis injured his left hand and wrist after falling off a broken chair in Menard's dining hall (*Id.* at p. 8). A nurse practitioner examined Davis, prescribed him ibuprofen, and scheduled x-rays (*Id.* at p. 9). Dr. John Doe reviewed the x-rays and stated they did not indicate a fracture (*Id.*). Davis told Dr. Doe he was still experiencing pain and numbness in his hand and wrist, but Dr. Doe told Davis he could not prescribe a brace or cast for security reasons (*Id.*). Dr. Doe also told Davis it was "unlikely" Davis would be examined by a specialist (*Id.* at p. 10). On

December 15, 2016, Davis saw Dr. Butalid for issues with his hand and wrist (*Id.*). Davis requested to be examined by a specialist, but Dr. Butalid told Davis his request required approval (*Id.*). In January 2017, Nurse Practitioner Moldenhauer treated Davis for hand and wrist pain (*Id.*). Davis reiterated that he wanted to see a specialist, and Moldenhauer told Davis she would schedule a follow-up visit (*Id.* at p. 11).

Davis filed this complaint on October 12, 2018 (*Id.*). The Court conducted a preliminary review of the claims pursuant to 28 U.S.C. § 1915A, and permitted Davis to proceed on a single count:

> **Count 1—** Dr. John Doe, Dr. Butalid, and Nurse Practitioner Moldenhauer were deliberately indifferent under the Eighth Amendment for their treatment of Davis's hand and wrist injury

(Doc. 13).

On February 19, 2019, Dr. Butalid filed a Motion to Dismiss, arguing Davis failed to allege Dr. Butalid was personally involved in depriving Davis of his constitutional rights (Doc. 25). Dr. Butalid also argues that seeking approval for specialty treatment outside the prison's health care unit is not a sufficient basis for a deliberate indifference claim (*Id.*). On April 5, 2019, Judge Daly issued the Report and Recommendation currently before the Court and recommends denying the Motion to Dismiss (Doc. 35). Judge Daly found that, although Davis's allegations against Dr. Butalid are sparse and not artfully pleaded, they are sufficient to state a claim for deliberate indifference (*Id.*). Judge Daly noted the Court's obligations to give *pro se* litigants, like Davis, a fair amount of leeway in their pleadings (*Id.*).

Objections to the Report and Recommendation were due on or before April 19, 2019. *See* 28 U.S.C. § 626(b)(1); Fed. R. Civ. P. 72(b)(2); SDIL-LR73.1(b). No objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the

Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed the briefs submitted by the parties, as well as Judge Daly's Report and Recommendation. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Judge Sison and **ADOPTS** the Report and Recommendation in its entirety. The Motion to Dismiss filed by Dr. Butalid (Doc. 25) is **DENIED.**

**IT IS SO ORDERED.**

**DATED:** June 5, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**