IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEON DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-cv-1945-RJD |
| ) | |
| DR. REYNAL CALDWELL, DR. BUTALID, ) | |
| and NURSE PRACTITIONER ) | |
| MOLDENHAUER, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 69). Defendants filed a response (Doc. 70).

### Background

Plaintiff Deon Davis, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). He is proceeding on the following count:

> **Count 1:** Dr. Caldwell, Dr. Butalid, and Nurse Practitioner Moldenhauer were deliberately indifferent under the Eighth Amendment for their treatment of Plaintiff's hand and wrist injury.

Plaintiff seeks leave to file an Amended Complaint to add Wexford Health Sources, Inc. as a defendant. Defendants object to Plaintiff being granted leave to file the proposed amended complaint arguing it is untimely and that they will be unfairly prejudiced by adding a new defendant and new allegations after the close of discovery.

**Legal Standard**

Federal Rule of Civil Procedure 15(a) states, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

**Analysis**

The deadline to file amended pleadings as set forth in the Scheduling Order (Doc. 29) was June 20, 2019. The discovery deadline in this case was December 20, 2019. The dispositive motion deadline is January 21, 2020. Plaintiff filed his motion for leave to amend more than six months after the deadline to amend and ten days after the discovery deadline. While Plaintiff notes he was separated for a time from the inmate that assisted him with filing his original Complaint, he fails to set forth a sufficient reason for the delay in seeking leave to amend. Adding additional allegations and a new defendant at this stage of the proceedings would unfairly prejudice Defendants as they have already completed discovery.

Additionally, Plaintiff states in his proposed amended complaint that the allegations against Wexford relate to his incarceration at Menard from 2016 through "most of 2017." The statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, as governed by Illinois law, is two years. The allegations against Wexford in the proposed amended complaint appear to have occurred more than two years before Plaintiff sought leave to add Wexford as a defendant. Plaintiff fails to state why his new claim would not be barred by the statute of limitations and,

therefore, futile. The Court finds undue delay, unfair prejudice, and futility and declines to grant leave to file the proposed amended complaint.

## Conclusion

For the reasons set forth above, Plaintiff's Motion for Leave to Amend (Doc. 69) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   January 13, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**