IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| DEON DAVIS, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 18-CV-1945-RJD |
| REYNAL CALDWELL, M.D., ALBERTO BUTALID, M.D., and MICHAEL MOLDENHAUER, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

The matter is before the Court on the Motion for Summary Judgment (Doc. 72) filed by Defendants Caldwell, Butalid, and Moldenhauer. For the following reasons, Defendants' motion is **GRANTED**.

### BACKGROUND

Plaintiff Deon Davis, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Following threshold review, Plaintiff proceeds on the following claim:

> **Count 1:** Dr. Caldwell, Dr. Butalid, and Nurse Practitioner Moldenhauer were deliberately indifferent under the Eighth Amendment for their treatment of Plaintiff's hand and wrist injury.

Defendants filed a motion for summary judgment arguing Plaintiff cannot set forth any evidence that the injury to his left hand and wrist constituted a serious medical need (Doc. 73). Defendants further argued they were not deliberately indifferent to his hand and wrist and that he did not experience substantial harm from their care (Id.). Plaintiff filed a response arguing

Defendants knew he had seriously injured his left hand and wrist and that the injury caused extreme pain because it resulted in movement of metallic gunshot fragments contained within his left wrist (Doc. 75). Plaintiff alleges Defendants were deliberately indifferent by refusing to send Plaintiff to an outside hand and nerve specialist.

On November 21, 2016, while incarcerated at Menard, Plaintiff was sitting on a knee-high stool in the chow hall when the stool broke, Plaintiff fell backwards, and he caught himself with his left hand (Plaintiff's deposition, Doc. 73-1 at 54-57). Plaintiff was taken to the healthcare unit where he was examined by Nurse Practitioner Moldenhauer (Id. at 58-59). Plaintiff complained that during the fall he heard a pop in his left wrist (Id. at 58). NP Moldenhauer observed mild edema (swelling), no deformity, limited range of motion, and good pulse (Doc. 73-3 at 36). He diagnosed Plaintiff with a sprain and ordered Motrin for the pain and inflammation, an x-ray of Plaintiff's left wrist, ice as needed, and a follow-up appointment in one week (Id.). Plaintiff testified he never received ice (Doc. 73-1 at 60-61). On November 22, 2016, Plaintiff had an x-ray of his left wrist taken (Doc. 73-3 at 36).

On November 28, 2016, Plaintiff was seen by Dr. Caldwell for a follow-up appointment for his left wrist x-ray (Id. at 36-37). Dr. Caldwell examined Plaintiff and explained the results of the x-ray which showed there were no broken bones (Id. at 37). Dr. Caldwell diagnosed Plaintiff with a sprain that could have been aggravated by his previous injury (Id.). The x-ray showed multiple metallic fragments throughout the soft tissues of the hand and wrist (Doc. 73-3 at 239). Prior to being incarcerated, in 1990, Plaintiff was shot in the left hand (Doc. 73-1 at 24). Plaintiff had undergone surgery on his hand to have fragments of buckshot removed and some fragments remained after the surgery (Id. at 25). Dr. Caldwell ordered Mobic (pain and

inflammation medication) for Plaintiff's wrist injury (Doc. 73-3 at 37).  Plaintiff testified the Mobic helped with the pain for a period of time (73-1 at 71).   Dr. Caldwell is a traveling Medical Doctor for Wexford Health Sources, Inc. and was not permanently assigned to Menard but occasionally covered shifts as needed (Doc. 73-5 at 1).   This is the only visit in which Dr. Caldwell saw Plaintiff (Id.).

On December 13, 2016, Plaintiff was playing basketball when his hand was smacked by another player, and it swelled (Doc. 73-1 at 71).  Plaintiff went to the healthcare unit and complained of pain in his left wrist (Doc. 73-3 at 40).  The nurse noted in the medical records Plaintiff fell and reinjured his hand playing basketball, but Plaintiff testified he did not fall, rather his hand was hit during the course of the game (Id., Doc. 73-1 at 72).   The nurse referred Plaintiff for an appointment with a physician (Doc. 73-3 at 40).

On December 15, 2016, Dr. Butalid saw Plaintiff for his complaint of left wrist pain since November 2016 after falling from a stool (Doc. 73-3 at 41, Doc. 73-6).  Plaintiff complained of pain on the medial side (inside) of the wrist and hand (Id.).  He complained that Motrin was not helping (Id.).  Dr. Butalid observed that Plaintiff's left wrist had limited dorsi flexion (side to side movement) because of pain (Id.).  There was tenderness at the medial side of his left hand and wrist, but no gross deformity (Id.).  Butalid assessed that he had pain in his left wrist post-trauma and ordered naproxen 500 mg for a month and Medrol dose pack 4 mg (steroid medication) both for pain and inflammation (Id.).  Butalid also ordered a follow-up appointment in 3 weeks in the healthcare unit to monitor Plaintiff's progress (Id.).  Butalid advised Plaintiff to rest his left hand in the meantime (Id.).  This is the only appointment Plaintiff had with Butalid (Doc. 73-1 at 74). Dr. Butalid is a traveling Medical Doctor for Wexford Health Sources, Inc. and was not

permanently assigned to Menard but occasionally covered shifts as needed (Doc. 73-6).

On January 7, 2017, Plaintiff saw NP Moldenhauer for his left wrist, asthma, and blood pressure (Doc. 73-1 at 78, Doc. 73-3 at 43). Plaintiff testified he was not supposed to see Moldenhauer for his wrist, rather the appointment was made to address his hypertension and asthma (Doc. 73-1 at 79). Moldenhauer documented that Plaintiff said his left wrist was "good" (Id.). Plaintiff disputes that he ever reported his wrist being "good" (Doc. 73-1 at 79-80). Moldenhauer noted he saw no edema (swelling) and observed that Plaintiff had "good use" of his left wrist (Doc. 73-3 at 43). Moldenhauer assessed that Plaintiff's left wrist complaints were resolving (Doc. 73-3 at 43). Moldenhauer renewed Plaintiff's blood pressure and asthma medication (Id.). Plaintiff testified the swelling in his wrist went away in the middle of January 2017 (Doc. 73-1 at 81).

Plaintiff was transferred from Menard to Stateville Correctional Center on January 23, 2017 (Doc. 73-3 at 44).

Plaintiff testified his complaints regarding his first appointment with Moldenhauer are that he should have prescribed ice and that he should have "put a homemade splint" on his wrist to help him be more comfortable until he had the x-ray (Doc. 73-1 at 62). Plaintiff has never seen any other prisoners at Menard with a handmade splint (Id. at 70). Regarding his second appointment, Plaintiff alleges Moldenhauer falsified the medical records for his January 7, 2017 appointment because he did not report his wrist was "good" (Id. at 82). Plaintiff testified his complaints against both Dr. Caldwell and Dr. Butalid are that he asked each of them to send him to an outside specialist and neither sought approval for a referral (Id. at 75-76).

Plaintiff testified his wrist pain kept him from being able to wring out his clothes (Doc. 73-

1 at 88). He could hold a cup in his hand, but it would become shaky (Id.). He still played basketball off and on (Id.). He was able to lift his TV in his cell because it was a flat screen and not that heavy (Id. at 88-89). Plaintiff did not have a job while at Menard because he did not qualify for one as a high escape risk (Id. at 41, 51). Plaintiff's risk status was lowered during his incarceration at Stateville and he applied for several jobs including gallery worker, grounds keeper, sanitation, and commissary worker (Id. at 51-54).

## **LEGAL STANDARD**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

The Eighth Amendment protects inmates from cruel and unusual punishment. U.S. Const., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). As the Supreme

Court has recognized, "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to prevail on such a claim, the plaintiff must first show that his condition was "objectively, sufficiently serious" and second, that the "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005) (citations and quotation marks omitted).

The following circumstances are indicative of an objectively serious medical condition: "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Hayes v. Snyder*, 546 F.3d 516, 522-23 (7th Cir. 2008) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)); *see also Foelker v. Outagamie Cnty.,* 394 F.3d 510, 512-13 (7th Cir. 2005) ("A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.").

An inmate must also show that prison officials acted with a sufficiently culpable state of mind, namely, deliberate indifference. Put another way, the plaintiff must demonstrate that the officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the officials actually drew that inference. *Greeno*, 414 F.3d at 653. A plaintiff does not have to prove that his complaints were "literally ignored," but only that "the defendants' responses were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs." *Hayes,* 546 F.3d at 524 (quoting *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000)). Negligence, gross negligence, or even recklessness

as that term is used in tort cases, is not enough. *Id.* at 653; *Shockley v. Jones*, 823, F.2d 1068, 1072 (7th Cir. 1987). Also, "mere disagreement with the course of the inmate's medical treatment does not constitute an Eighth Amendment claim of deliberate indifference. *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).

## ANALYSIS

Defendants contend Plaintiff's wrist sprain was not a serious medical condition. Plaintiff argues he experienced severe pain and numbness in his wrist which constituted a serious medical condition.

It is not clear that a sprain would constitute a serious medical condition. See e.g. *Bacon v. Harder*, 248 F. App'x 759, 761 (7th Cir. 2007) (stating an ankle sprain did not constitute a serious medical need). A condition or injury that a doctor finds worthy of treatment is indicative of a serious medical need. The objective findings in Plaintiff's medical records do not appear to establish a serious medical need; however, when Plaintiff reported over-the-counter pain medication was not doing enough to address his pain, Plaintiff was prescribed medication for pain and inflammation. A medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain, can also be indicative of a serious medical need. Plaintiff testified he experienced pain, especially while he was wringing out his clothes. However, Plaintiff testified he was still able to lift objects such as a flat-screen television and would play basketball on occasion. Given all the facts before the Court, Plaintiff's subjective complaints of pain which did not interfere with most of his daily activities are insufficient to establish an objectively serious medical need. However, out of an abundance of caution, the Court will review whether each Defendant acted with deliberate indifference to Plaintiff's alleged

medical need.

**Defendant Moldenhauer**

Even if Plaintiff had a serious medical need, Nurse Practitioner Moldenhauer was not deliberately indifferent. In order to be held liable under the deliberate indifference standard, the defendant must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer*, 511 U.S. at 837. Defendant Moldenhauer treated Plaintiff on two occasions. During the first visit when Plaintiff complained of falling off a stool and injuring his wrist, Moldenhauer ordered x-rays, pain and anti-inflammatory medication, and a follow-up. Plaintiff has failed to set forth any evidence Moldenhauer disregarded an excessive risk to his health or safety. While Plaintiff alleges Moldenhauer failed to ensure he received ice and a "homemade splint" these allegations do not rise to the level of deliberate indifference. Further, Plaintiff does not allege Moldenhauer provided inappropriate treatment during his second visit; rather, he takes issue with the notes Moldenhauer documented in the medical record. Again, these allegations are insufficient to state a claim for deliberate indifference. There is no evidence that Moldenhauer's treatment was a substantial departure from accepted professional judgment, practice, or standards and he is entitled to summary judgment.

**Defendant Caldwell**

Plaintiff saw Defendant Caldwell on one occasion (November 28, 2016) for a follow-up appointment regarding his wrist injury. Caldwell informed Plaintiff the x-ray showed no fracture and changed Plaintiff's medication to Mobic for the pain and swelling. There is no evidence

Caldwell was ever made aware of any further complaints from Plaintiff. In fact, Plaintiff testified the Mobic prescribed by Caldwell helped with his pain for a period of time. Plaintiff alleges Caldwell acted with deliberate indifference by failing to refer him to a specialist for his wrist injury. As set forth above, mere disagreement with the course of the inmate's medical treatment does not constitute an Eighth Amendment claim of deliberate indifference. Plaintiff has failed to set forth any evidence that Caldwell's treatment of his wrist sprain was a substantial departure from accepted professional judgment, practice, or standards. Caldwell examined Plaintiff and prescribed medication to address his complaints. Defendant Caldwell is entitled to summary judgment.

**Defendant Butalid**

Defendant Butalid also treated Plaintiff on only one occasion (December 15, 2016) for complaints of pain after Plaintiff's wrist was hit during a basketball game. Butalid examined and assessed Plaintiff's hand and wrist and ordered naproxen and steroid medication for the pain and inflammation. Butalid also ordered a follow-up appointment in the healthcare unit in three weeks to monitor Plaintiff's condition. There is no evidence Butalid was made aware Plaintiff's complaints persisted after the one visit. Again, Plaintiff alleges he requested that Butalid refer him to an outside specialist and that Butalid was deliberately indifferent to his pain for failing to do so. Plaintiff has failed to set forth any evidence that Butalid's treatment of his complaints of wrist pain was a substantial departure from accepted professional judgment, practice, or standards. Butalid examined Plaintiff and prescribed medication to address his complaints. Defendant Butalid is entitled to summary judgment.

## CONCLUSION

Based on the foregoing, the Motion for Summary Judgment filed by Defendants (Doc. 72) is **GRANTED**. The Clerk shall enter judgment in favor of Defendants and against Plaintiff. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close the case.

**IT IS SO ORDERED.**

**DATED:   February 25, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**