# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEON DAVIS, | ) |
|       Plaintiff, | ) |
| vs. | ) CASE NO. 18-cv-1945-RJD |
| CORRECTIONAL SERGEANT BENARD, et al., | ) |
|       Defendants. | ) |

## ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on the Bill of Costs (Doc. 80) filed by Defendants Moldenhauer, Butalid, and Caldwell. Plaintiff filed an objection (Doc. 82). The Court ordered Plaintiff to supplement his objection with a current trust fund account statement and Plaintiff filed a supplemental objection with a current trust fund account statement attached (Doc. 84).

### Background

Plaintiff Deon Davis is an inmate in the Illinois Department of Corrections. On October 12, 2018, Plaintiff filed a lawsuit against Defendants pursuant to 42 U.S.C. § 1983. On February 25, 2020, summary judgment was granted in favor of Defendants. Judgment was entered on the same date. Defendants Moldenhauer, Butalid, and Caldwell seek to have Plaintiff pay $277.50 in costs for a deposition transcript used in defending the case. Defendants provided a receipt evidencing the costs of obtaining the deposition transcript. Plaintiff filed an Objection arguing he is indigent and unable to pay the cost now and in the future.

### Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides that "costs — other than attorney's fees

— should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Recoverable costs under 28 U.S.C. § 1920 include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. 28 U.S.C. § 1920(1)-(6). "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

The denial of costs may be warranted if the losing party is indigent and has no ability to pay. *Id.* To deny a bill of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994)). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* (internal quotations omitted). Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.*

### Analysis

Plaintiff was granted *pauper* status when this action commenced, and he has been continuously incarcerated throughout the course of this litigation (Doc. 12). On March 13, 2020, Plaintiff had $10.00 in his trust fund account (Doc. 84 at 3). Based on a review of Plaintiff's evidence, the Court cannot find that Plaintiff is incapable of paying some court-imposed costs in

this case.

The Court also finds that this action was not frivolous and involved important constitutional rights under the Eighth Amendment. The Court believes Plaintiff's pursuit of this action was in good faith even though he did not prevail, but that he should not be completely relieved of the obligation to pay Defendants' costs.

## Conclusion

For these reasons, the Court **OVERRULES** Plaintiff's objection to costs, but will reduce the amount of costs to $2.00. This amount represents 20% of Plaintiff's trust fund account balance in March 2020 and is consistent with the Court's approach for its collection of filing fees under 28 U.S.C. § 1915(b)(1). The Court **ORDERS** an award of costs in the amount of $2.00 to Defendants Moldenhauer, Butalid, and Caldwell.

**IT IS SO ORDERED.**

**DATED:   March 20, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**